# EXHIBIT 1

3/30/2022 11:56 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 63096480
By: Patricia Jones
Filed: 3/30/2022 11:56 AM

CAUSE NO. _____

| | | |
|---|---|---|
| **COLLEEN SCHOENLEIN**<br>*Plaintiff* | § § § | **IN THE DISTRICT COURT** |
| **v.** | § § § | **HARRIS COUNTY, TEXAS** |
| **STARBUCKS CORPORATION d/b/a**<br>**STARBUCKS COFFEE COMPANY**<br>*Defendant* | § § § § | \_\_\_\_\_**JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Colleen Schoenlein ("Plaintiff") and files her Original Petition complaining of Starbuck Corporation doing business as Starbucks Coffee Company ("Defendant"), and for her causes of action would respectfully show unto this Honorable Court and Jury as follows:

## DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 2 of Texas Rule of Civil Procedure 190.3 and affirmatively pleads that this suit is not governed by the expedited actions process of Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief over $250,000.00.

## PARTIES

2. Plaintiff is an individual residing in Las Vegas, Nevada and may be served with process through her undersigned counsel.

3. Defendant is a foreign corporation formed in Washington and actively engaged in business in Harris County, Texas. Defendant may be served with process through its registered agent, Corporation Service Company, located at 211 E. 7th Street, Suite 620, Austin, Texas 78701 or wherever else it may be found.

4. To the extent that the Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against them pursuant to the terms of Rule 28 of the TEXAS RULES OF CIVIL PROCEDURE, and Plaintiff hereby demands that upon answering this suit it answer in its correct legal name and assumed name.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

6. Plaintiff maintains this Court has both specific and general jurisdiction of Defendant. Further, the Court has jurisdiction over Defendant because its place of business is in Texas and it conducts business in the of state of Texas. All operative facts surrounding Plaintiff's claims occurred in the state of Texas.

7. Venue of this lawsuit is proper in Harris County, Texas because it is the county in which all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred and no mandatory venue provision applies.

## FACTUAL BACKGROUND

8. On or about July 26, 2021, Plaintiff visited as a patron Defendant's Starbucks Coffee Company located at 1206 West 43rd Street, Houston, Texas 77018 (the "Coffeeshop"). Defendant operates the Coffeeshop.

9. Plaintiff ordered a hot coffee through the Coffeeshop's drive-through and pulled to the window to pay and retrieve her purchase. Defendant's employee prepared Plaintiff's coffee and applied a lid to the coffee cup. However, Defendant's employee failed to properly secure the lid to the coffee cup. When Defendant's employee handed Plaintiff's coffee cup to her, the lid fell off and hot coffee spilt onto Plaintiff's lap, thighs, and hands.

10. As a result of Defendant's negligence, Plaintiff sustained serious burns to multiple

parts of her body requiring ongoing medical attention. Defendant failed to take reasonable and appropriate steps to ensure proper training, procedures, staffing, and supervision at the Coffeeshop. Defendant knew or reasonably should have known of the danger created by failing to properly secure lids on hot coffee cups and breached its duty of ordinary care by failing to ensure lids are properly secured before handing coffee to customers. Further, Defendant negligently operated the Coffeeshop at the detriment of Plaintiff and the public. Defendant's breach of its duties proximately caused Plaintiff's injuries and damages.

11. Defendant, acting through its agents, servants, and/or employees, who were at all times acting within the course and scope of their employment, committed acts and/or omissions that constituted negligence which proximately caused the incident in question.

## CAUSE OF ACTION I
## NEGLIGENCE

12. The evidence will show that the aforementioned negligent acts on the part of Defendant constituted negligence in one or more of the following ways:

    a. Failing to operate the Coffeeshop in a safe and reasonable manner;

    b. Failing to provide First Aid to Plaintiff after the incident at issue;

    c. Failing to properly inspect the secure placement of lids placed on coffee cups prior to handing them to customers, such as Plaintiff;

    d. Failing to properly train agents, servants, and/or employees regarding the proper handling and serving of hot coffee;

    e. Failing to implement proper policies, rules, and/or procedures to make the Coffeeshop's service reasonably safe;

    f. Failing to enforce proper policies, rules, and/or procedures to make the Coffeeshop's service reasonably safe;

    g. Failing to properly supervise employees and adequately staff those responsible for serving hot coffee; and

    h. Failing to use ordinary care in hiring employees.

13. Each and all of the above foregoing acts, both of omission and commission, singularly or in combination with others, constituted negligence which proximately caused this incident and Plaintiff's injuries and damages.

## CAUSE OF ACTION II
### NEGLIGENT HIRING, TRAINING, SUPERVISION & RETENTION

14. Defendant negligently hired, supervised, trained, and retained its coffeeshop employees. As an employer, Defendant owed a duty to Plaintiff and the public to hire, supervise, train, and retain competent, professional coffeeshop employees. Defendant owed said duty to supervise and train its coffeeshop employees to ensure the public would be safe while they engaged in their coffeeshop duties. Defendant breached said duties and negligently permitted and/or encouraged its coffeeshop employees to negligently perform their duties as described herein.

15. Additionally, in the absence of Defendant's negligence, the incident would not have occurred. Defendant was also careless and negligent in the ownership and operation of the Coffeeshop which caused Plaintiff to suffer personal injury. Defendant's breach of said duties was, singularly or in combination with others, the proximate cause of the incident and Plaintiff's damages pled herein.

### RESPONDEAT SUPERIOR

16. Defendant is legally responsible to Plaintiff for the acts and omissions of its employees, agents, servants, and representatives under the legal doctrines of *respondeat superior*, agency, and/or ostensible agency. As a result, thereof, Defendant is vicariously liable for all wrongful and illegal acts, omissions, and conduct of its employees, agents, servants and representatives.

### DAMAGES

17. This claim for damages is based upon the facts and legal theories more fully set out

herein.

18. As a result of the negligent acts of Defendant, Plaintiff has suffered damages in the past and will in reasonable probability continue to suffer damages in the future in an amount which is within the jurisdictional limits of this Court.

19. As a proximate cause of Defendant's negligence, Plaintiff has sustained the following damages:

(1) Medical, hospital, and pharmaceutical charges and expenses in the past;

(2) Medical, hospital and pharmaceutical charges and expenses that in, reasonable medical probability, will be incurred in the future;

(3) Pain and suffering in the past;

(4) Pain and suffering, that in reasonable probability, will be suffered in the future;

(5) Mental anguish suffered in the past;

(6) Mental anguish that, in reasonable probability, will be suffered in the future;

(7) Disability and impairment in the past;

(8) Disability and impairment that, in reasonable probability, will occur in the future; and

(9) Lost earnings in the past.

20. Based on the above enumerated injuries and damages which were caused by the negligent acts and/ or omissions of Defendant, Plaintiff pleads for actual damages in an amount that the Court deems reasonable under the circumstances, and which exceeds the minimum jurisdictional limits of the Court.

21. Plaintiff affirmatively pleads that she seeks monetary relief over $1,000,000.00. Plaintiff reserves her right to amend this damage calculation as discovery progresses. Plaintiff

makes this damage calculation at this time, pursuant to Texas Rule of Civil Procedure 47.

## JURY DEMAND

22. Plaintiff hereby respectfully demand a trial by jury and tenders the appropriate fee with this Original Petition.

## PRAYER AND REQUEST FOR RELIEF

For these reasons, Plaintiff prays that the Court issue citation for Defendant to appear and answer, and that Plaintiff be awarded a judgment against Defendant for the following:

    a.    all damages requested;

    b.    pre-judgment and post-judgment interest as provided by law;

    c.    costs of court; and

    d.    such other and further relief, at law or in equity, to which Plaintiff is justly entitled.

Respectfully Submitted,

**BIVONA LAW PLLC**

/s/ Andrew M. Bivona
Andrew M. Bivona
SBN: 24092138
1415 Louisiana Street
29th Floor
Houston, Texas 77002
Phone: 713-360-7596
Fax: 713-742-2041
drew@bivonalaw.com
**ATTORNEY FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Paula Gomez on behalf of Andrew Bivona
Bar No. 24092138
paula@bivonalaw.com
Envelope ID: 63096480
Status as of 3/30/2022 12:16 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Andrew Bivona | | drew@bivonalaw.com | 3/30/2022 11:56:07 AM | SENT |
| Paula Gomez | | paula@bivonalaw.com | 3/30/2022 11:56:07 AM | SENT |